UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-21913-UU

JOSE PADILLA,

    Plaintiff,

v.

GULF COAST COLLECTION BUREAU,
INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses (the "Motion"). D.E. 13. The Court has reviewed the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons set out below, the Motion is denied.

On May 7, 2020, Plaintiff filed his Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq.*, based on Defendant's alleged wrongful debt collection efforts. D.E. 1. On June 3, 2020, Defendant filed its Amended Answer and Affirmative Defenses, including 11 affirmative defenses. D.E. 11. On June 3, 2020, Plaintiff filed the instant Motion, seeking to strike Defendant's seventh and ninth affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). D.E. 13.

Federal Rule of Civil Procedure 12(f) states: "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'A motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson*

*v. Kindred Nursing Ctrs. E.*, LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). A motion to strike is often denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718, 2014 WL 351962, at *4 (S.D. Fla. Jan. 23, 2014) (internal quotations and citations omitted). An affirmative defense may also be stricken if it is "insufficient as a matter of law." *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 690 (S.D. Fla. 2013). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

When responding to a claim, a party is required to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). The requirements of Rule 8 are satisfied when a defendant gives "fair notice" of the defense; the rule "does not require detailed factual allegations." *George v. Leading Edge Recovery Solutions, L.L.C.*, No. 8:13-cv-484-T-24-TBM, 2013 WL 3777034, at *1 (M.D. Fla. July 18, 2013) (citing *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009)); *see also Harris v. Nationstar Mortg., LLC*, No. 8:13-CV-2610-T-17EAJ, 2014 WL 11332305, at *2 (M.D. Fla. Apr. 23, 2014) (explaining why the pleading standard for defenses under Rules 8(b) and (c) is more liberal than the pleading standard for claims for relief under Rule 8(a)); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013) (same).

Defendant's seventh and ninth affirmative defenses are both defenses based on a *bona fide* error by Defendant in its debt collection efforts "notwithstanding the Defendant's maintenance of

procedures reasonably adapted to avoid such error." D.E. 11 at 6; *see also* 15 U.S.C. § 1692k(c) (*bona fide* error a defense to FDCPA claims); Fla. Stat. § 559.77(3) (*bona fide* error a defense to FCCPA claims). Plaintiff complains that the defenses do not set forth factual detail to show what the procedures were or what the *bona fide* error was. But at this stage, the Court finds that the affirmative defenses as pled sufficiently give Plaintiff fair notice of Defendant's *bona fide* error defenses. *See, e.g.*, *Harris*, 2014 WL 11332305, at *2–3 (finding similarly phrased *bona fide* error defense to be adequately pled); *Gonzalez*, 2013 WL 5970721, at *1–3 (same); *George*, 2013 WL 3777034, at *2 (same). Further details can be ferreted out through discovery.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Affirmative Defenses, D.E. 13, is DENIED. The pleadings are closed.

DONE AND ORDERED in Chambers at Miami, Florida, this _16th_ day of June, 2020.

*/s/ Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record